1   Jonathan D. Selbin (SBN 170222)
      jselbin@lchb.com
2   H. John Gutierrez (SBN 235406)
      hjgutierrez@lchb.com
3   LIEFF, CABRASER, HEIMANN &
    BERNSTEIN LLP
4   275 Battery Street, 30th Floor
    San Francisco, California 94111-3336
5   Telephone:   (415) 956-1000
    Facsimile:    (415) 956-1008
6
    Attorneys for Plaintiffs
7
    (Additional Counsel Appearing on Signature Page)
8

9                  UNITED STATES DISTRICT COURT

10                NORTHERN DISTRICT OF CALIFORNIA

11                     SAN FRANCISCO DIVISION

12  MICHAEL OMSTEAD, MELISSA              Case No. _____
    MALLOY and LISA SMITH, individually
13  and on behalf of all others similarly
    situated,                            **COMPLAINT**
14
                                         **CLASS ACTION**
15                      Plaintiffs,
                                         **(1) CONSUMER LEGAL REMEDIES ACT;**
16  v.
                                         **(2) FRAUDULENT CONCEALMENT/**
17  DELL INC.                                **NONDISCLOSURE;**
18                      Defendant.        **(3) BUSINESS & PROFESSIONS CODE**
                                             **SECTIONS 17200 & 17500;**
19
                                         **(4) EXPRESS WARRANTY;**
20
                                         **(5) SONG-BEVERLY CONSUMER**
21                                           **WARRANTY ACT; and**
22                                        **(6) UNJUST ENRICHMENT**
23                                        **DEMAND FOR JURY TRIAL**
24

25          1.      Plaintiffs Michael Omstead, Melissa Malloy and Lisa Smith (hereinafter

26  "Plaintiffs"), allege the following on behalf of themselves and all others similarly situated:

27

28

    566908.1                              - 1 -                              COMPLAINT

## **INTRODUCTION**

2.      Plaintiffs bring this action for actual damages, equitable relief (including restitution, injunctive relief, and disgorgement of profits), civil penalties, punitive damages, and all other available relief on behalf of themselves and all similarly-situated individuals and entities in the United States (the "Class") who own or have owned a Dell Inc. ("Dell") notebook computer model 1100, 1150, 5100 or 5160 ("Affected Computers").

3.      All of the claims asserted herein arise out of Dell's misconduct in connection with the design, manufacture, warranting, advertising and selling of the Affected Computers.

4.      On information and belief, Dell began designing, manufacturing, warranting, marketing, advertising and selling the Affected Computers to thousands of consumers throughout the United States, commencing in or around July 2003.

5.      Dell made uniform material affirmative misrepresentations and uniformly concealed material information in its marketing, advertising and sale of the Affected Computers, which Dell knew to be defective, both at the time of sale and on an ongoing basis.

6.      In particular, Dell represented and warranted to Plaintiffs and all Class members that the Affected Computers were free from defects and that they were of merchantable quality and workmanship, as evidenced by Dell's express warranty. Plaintiffs' experiences— mirroring those of other purchasers of Affected Computers—reveal that Dell's claims are false in that the Affected Computers are inherently defective and not of merchantable quality and workmanship.

7.      The Affected Computers are designed and manufactured with three uniform and inherent defects (collectively, the "Defects"). First, the Affected Computers' cooling systems are inadequate to dissipate the heat generated through normal use. Second, the power supply system prematurely fails when used as intended. Third, the motherboards on the Affected Computers prematurely fail. Among other problems, the Defects cause the Affected Computers to shut down unexpectedly or fail to boot up and/or the batteries will fail to hold a charge, or will hold a charge for only a short time, well before the expected end of the battery's life.

1        8.    Dell also regularly recommends that owners of the Affected Computers

2  replace the motherboard; however, for some period of time presently unknown to Plaintiffs, Dell

3  replaced failed motherboards with motherboards sharing the same defective design, such that the

4  replacement does not correct the problem.  In addition, Dell profits by charging consumers for the

5  parts and labor involved in such replacements.

6        9.    Dell concealed from and/or failed to disclose to Plaintiffs, the Class, and

7  everyone, the true defective nature of the Affected Computers, and failed to remove the Affected

8  Computers from the marketplace or take adequate remedial action.  Rather, Dell sold and serviced

9  the Affected Computers even though it knew, or was reckless in not knowing, that the Affected

10  Computers would prematurely fail and ultimately result in Plaintiffs' and Class members'

11  inability to use their Affected Computers for their intended purpose.

12        10.    As a consequence of Dell's false and misleading statements and active

13  concealment of the Defects, Plaintiffs and the Class purchased and currently own defective

14  computers and have incurred damages.

15        11.    Dell purports unilaterally to apply Terms and Conditions to the sale of the

16  Affected Computers, including an arbitration clause with a class action waiver.  These Terms and

17  Conditions, and the arbitration clause and class action waiver in particular, are contrary to public

18  policy, unconscionable, and therefore not enforceable against Plaintiffs or Class members.

19                          **THE PARTIES**

20        12.    Plaintiff Michael Omstead is a resident of the County of Humboldt,

21  California.  In or around July 2004, Mr. Omstead purchased a new Dell Inspiron 5160 computer

22  from Dell Inc.  Mr. Omstead has experienced power failures of his Inspiron 5160 due to the

23  Defects alleged herein.

24        13.    Plaintiff Melissa Malloy is a resident of the County of Sacramento,

25  California.  In or around January 2005, Ms. Malloy purchased a new Dell Inspiron 5160 computer

26  from Dell Inc.  Ms. Malloy has experienced failures of her Inspiron 5160 computer due to the

27  Defects alleged herein.  Her power supply was replaced under warranty in or around January

28

566908.1                         - 3 -                         COMPLAINT

1  2006. Then, in or around March 2006, at which time she was out of warranty, Ms. Malloy paid to

2  repair or replace the motherboard.

3         14.    Plaintiff Lisa Smith is a resident of the County of San Bernardino,

4  California. In or around July 2004, Ms. Smith purchased a new Dell Inspiron 1150 computer

5  from Dell Inc. Ms. Smith has experienced power failures of her Inspiron 1150 computer due to

6  the Defects alleged herein. Ms. Smith paid out of pocket for a new AC adaptor in an effort to

7  resolve her power-related problems.

8         15.    Defendant Dell Inc., is incorporated in the State of Delaware and maintains

9  its principal place of business in Round Rock, Texas. Dell designs, manufactures, warrants,

10  advertises, and sells personal computers and related services and devices, including the Affected

11  Computers at issue herein, in California and throughout the United States.

12  **JURISDICTION**

13         16.    This Court has subject matter jurisdiction over this action pursuant to 28

14  U.S.C. § 1332, as recently amended by the Class Action Fairness Act, because the aggregate

15  amount claimed by the individual members of the proposed Class exceeds $5,000,000, exclusive

16  of interest and costs, and it is a class action in which the plaintiffs are citizens of California and

17  other states and Dell is a citizen of Delaware and Texas.

18         17.    This court has personal jurisdiction over Dell because Dell has

19  purposefully availed itself of the privilege of conducting business activities within the State of

20  California by selling computers to Plaintiffs and the Class members and, further, generally

21  maintained systematic and continuous business contacts with the State of California.

22  **VENUE**

23         18.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) because

24  (a) defendant Dell is subject to personal jurisdiction in the Northern District of California and is

25  thus a resident of the Northern District pursuant to § 1391(c) and (b) a substantial part of the

26  events or omissions giving rise to Plaintiffs' claims occurred in the Northern District when Dell

27  sold, marketed, distributed and/or warranted one or more of the computers at issue here.

28

1

## INTRADISTRICT ASSIGNMENT

2          19.     Assignment of this case to the San Francisco Division is proper under

3    Local Rule 3-2(c) because a substantial part of the events or omissions which give rise to the

4    claims occurred in Humboldt County.

5

## APPLICATION OF CALIFORNIA LAW

6          20.     The claims and issues asserted herein are governed by California law

7    and/or the substantially similar laws of the other states.  Plaintiffs seek damages and equitable

8    relief on behalf of themselves and all others similarly situated, under the laws of the State of

9    California and/or the substantially similar laws of the other states.

10

## FACTUAL ALLEGATIONS

11          21.     On information and belief, Dell has been engaged in the business of

12   designing, manufacturing, warranting, marketing, advertising and selling electronic computers

13   and related products and services since 1984.

14          22.     Dell is one of the world's leading manufacturers of computers and other

15   computer products.  Dell designed, manufactured, warranted, marketed, advertised and sold a

16   product line of portable notebook computers known as the Inspiron 5150 line, the subject of this

17   lawsuit.

18          23.     The Affected Computers fail to perform as advertised in that the cooling

19   system is inadequate to sufficiently dissipate the heat generated by normal use, resulting in

20   overheating, and/or the power supply system and/or motherboard prematurely fails (the

21   "Defects").  Among other problems, the Affected Computers shut down unexpectedly or fail to

22   boot up and/or the batteries will fail to charge or the computer will not even power on.  In

23   addition, the software patch issued by Dell to address the overheating problem slows the

24   processor speed of the Affected Computers, leaving consumers with laptops lacking a significant

25   quality—speed—that Dell marketed and advertised the laptops as having and for which

26   consumers paid

27          24.     Dell failed to adequately design, manufacture, and/or test the Affected

28   Computers to ensure that they were free from the Defects, and/or knew or was reckless in not

1    knowing of the Defects, before it warranted, advertised, marketed and sold the Affected

2    Computers to Plaintiffs and the Class.

3           25.    Dell falsely represented, through its warranty, marketing and advertising

4    (a) that the Affected Computers had characteristics that they did not actually have, (b) that the

5    Affected Computers were of a certain quality or standard when they were not and (c) that the

6    Affected Computers were of merchantable quality when they were not.

7           26.    Because of the Defects, the Affected Computers have failed and/or are

8    substantially certain to prematurely fail, and/or are not of merchantable quality, contrary to the

9    manner in which they were warranted, marketed and advertised by Dell.

10          27.    As a result of the Defects alleged herein, Plaintiffs have experienced

11   repeated problems with and failures of their computers and incurred damages.

12          28.    At Dell's recommendation, class members incur out of pocket expense to

13   repair or replace components or the Affected Computers as a whole when the symptoms of the

14   Defects manifest outside the Dell warranty. For example, Plaintiff Malloy paid to repair or

15   replace the motherboard in her Inspiron 5160 and plaintiff Smith paid out of pocket for a new AC

16   adaptor.

17          29.    To this day, Dell continues to conceal material information from Plaintiffs,

18   the Class and the public about the Defects in the Affected Computers.

### STATUTES OF LIMITATION

20          30.    **Discovery Rule**  The causes of action alleged herein accrued upon

21   discovery of the defective nature of the Affected Computers. Because the Defects are latent, and

22   Dell took steps to actively conceal it, among other reasons, Plaintiffs and members of the Class

23   did not discover and could not have discovered the Defects through reasonable and diligent

24   investigation. Moreover, reasonable and diligent investigation into the cause of the failed

25   computers did not and could not reveal a factual basis for a cause of action based on Dell's failure

26   to disclose/concealment of the Defects.

27          31.    **Fraudulent Concealment Tolling**  Any applicable statutes of limitation

28   have been tolled by Dell's knowing and active concealment and denial of the facts as alleged

1   herein, which concealment is ongoing.  Plaintiffs and the Class have been kept ignorant by Dell

2   of vital information essential to the pursuit of these claims, without any fault or lack of diligence

3   on their part.  Plaintiff and members of the Class could not reasonably have discovered the true,

4   latently defective nature of the Affected Computers.

5            32.    **Estoppel**  Dell was and is under a continuous duty to disclose to the

6   Plaintiffs and the Class the true character, quality, and nature of the Affected Computers.  Dell

7   knowingly, affirmatively, and actively concealed the true character, quality, and nature of the

8   Affected Computers, which concealment is ongoing.  Plaintiffs reasonably relied upon Dell's

9   knowing, affirmative, and/or active concealment.  Based on the foregoing, Dell is estopped from

10  relying on any statues of limitation in defense of this action.

11                    **DELL'S TERMS AND CONDITIONS**

12           33.    Dell purports to unilaterally apply Terms and Conditions to the sale of the

13  Affected Computers.  These Terms and Conditions constitute a one-sided, exculpatory contract of

14  adhesion which operates to insulate Dell from liability that otherwise would be imposed under

15  California law.

16           34.    Plaintiffs deny that Dell's Terms and Conditions are binding on them on

17  grounds that they did not consent to the Terms and Conditions and/or the Terms and Conditions

18  are not supported by adequate consideration.

19           35.    The Terms and Conditions contain an arbitration clause with a class action

20  waiver that is contrary to policy of law under California Civil Code section 1668 and

21  unconscionable under California Civil Code section 1670.5, and thus unenforceable.  The class

22  action waiver is part of a scheme by Dell, the party with superior bargaining power, to exempt

23  itself from responsibility for its fraudulent or willfully injurious actions described herein.

24                    **CLASS ACTION ALLEGATIONS**

25           36.    Plaintiffs bring this lawsuit as a class action on behalf of themselves and all

26  others similarly situated as members of a proposed plaintiff Class pursuant to Federal Rule of

27  Civil Procedure 23.  This action satisfies the ascertainability, numerosity, commonality,

28  typicality, adequacy, predominance and superiority requirements of those provisions.

37.  The Class is defined as:

All individuals and entities in the United States who own or have owned any one or more of the following Dell Inspiron notebook computer models:  1100, 1150, 5100 or 5160.

38.  Excluded from the Class are:  (1) Dell, any entity in which Dell has a controlling interest, and its legal representatives, officers, directors, employees, assigns and successors; (2) the United States government and any agency or instrumentality thereof; (3) the judge to whom this case is assigned and any member of the judge's immediate family; and (4) claims for personal injury, wrongful death and/or emotional distress.

## Numerosity & Ascertainability

39.  On information and belief, the Class is comprised of thousands of owners of Affected Computers throughout the United States, making joinder impractical.

40.  The Class is composed of an easily ascertainable, self-identifying set of individuals and entities who purchased new and still own an Affected Computer.

## Community of Interest

41.  There is a well-defined community of interest among the Class members, and the disposition of their claims in a single action will provide substantial benefits to all parties and to the Court.

## Typicality

42.  The claims of the representative Plaintiffs are typical of the claims of the Class, in that each of the representative Plaintiffs, like all members of the Class, own an Affected Computer that contains the inherent Defects.  The factual bases of Dell's misconduct are common to all Class members and represent a common thread of fraudulent misconduct resulting in injury to all members of the Class.

## Predominance of Common Issues

43.  There are numerous questions of law and fact common to all Class members, and those questions predominate over any questions that may affect only individual Class members.

44.  The predominant common questions include the following:

1                  a.        Whether the Affected Computers contain common design defects;

2                  b.        Whether the Affected Computers are substantially certain to

3   prematurely fail;

4                  c.        Whether the Affected Computers are not of merchantable quality;

5                  d.        Whether the Defects in the Affected Computers are a material fact

6   reasonable purchasers would have considered in deciding whether to purchase a computer;

7                  e.        Whether Dell knew and/or was reckless in not knowing of the

8   Defects in the Affected Computers;

9                  f.        Whether Dell fraudulently concealed from and/or failed to disclose

10   to Plaintiffs and the Class the Defects in the Affected Computers;

11                 g.        Whether Dell had a duty to Plaintiffs and the Class to disclose the

12   Defects in the Affected Computers;

13                 h.        Whether Dell's concealment of and/or failure to disclose the

14   Defects induced Plaintiffs and the Class to act to their detriment by purchasing defective Affected

15   Computers;

16                 i.        Whether Dell represented, through its words and conduct, that the

17   Affected Computers had characteristics, uses or benefits that they did not actually have, in

18   violation of the Consumer Legal Remedies Act;

19                 j.        Whether Dell represented, through its words and conduct, that the

20   Affected computers were of a particular standard, quality or grade when they were of another, in

21   violation of the Consumer Legal Remedies Act;

22                 k.        Whether Dell advertised the Affected Computers with the intent not

23   to sell them as advertised, in violation of the Consumer Legal Remedies Act;

24                 l.        Whether Dell's active concealment of and/or failure to disclose the

25   true nature of the Affected Computers was likely to mislead or deceive, and therefore fraudulent,

26   within the meaning of Bus. & Prof. Code § 17200, *et seq.*;

27

28

1     m. Whether Dell's active concealment of and/or failure to disclose the

2 true nature of the Affected Computers is unfair within the meaning of Bus. & Prof. Code § 17200,

3 *et seq.*;

4     n. Whether Dell's warranties, marketing, advertisements and other

5 express representations that the Affected Computers had certain characteristics and/or were of a

6 certain quality or standard violated Bus. & Prof. Code § 17500, *et seq.*;

7     o. Whether Dell has breached its express warranty on the Affected

8 Computers;

9     p. Whether Dell should be declared financially responsible for

10 notifying all Class members of the defective Affected Computers and for the costs and expenses

11 of repair and replacement of all such defective components therein;.

12     q. Whether Plaintiffs and the Class are entitled to compensatory

13 damages, and the amount of such damages;

14     r. Whether, as a result of Dell's fraud, Plaintiffs and the Class are

15 entitled to civil penalties and/or punitive damages, and the amount of such damages;

16     s. Whether Dell should be enjoined from engaging in the methods,

17 acts or practices alleged herein;

18     t. Whether Dell should be ordered to disgorge, for the benefit of the

19 Class, all or part of its ill-gotten profits received from the sale of the defective Affected

20 Computers and replacement components and/or make restitution to Plaintiffs and members of the

21 Class.

22        **<u>ADEQUACY</u>**

23    45. Plaintiffs will fairly and adequately represent and protect the interests of

24 the Class. Plaintiffs have retained counsel with substantial experience in prosecuting consumer

25 class actions, including actions involving defective products.

26    46. Plaintiffs and their counsel are committed to vigorously prosecuting this

27 action on behalf of the Class, and have the financial resources to do so. Neither Plaintiffs nor

28 their Counsel have interests adverse to those of the Class.

1

### SUPERIORITY

2      47.     Absent class treatment, Plaintiffs and members of the Class will continue

3  to suffer harm and damages as a result of Dell's unlawful and wrongful conduct.

4      48.     A class action is superior to other available methods for the fair and

5  efficient adjudication of this controversy.  Without a class action, individual Class members

6  would face burdensome litigation expenses, deterring them from bringing suit or adequately

7  protecting their rights.  Because of the relatively modest economic value of the individual Class

8  members' claims, few could likely seek their rightful legal recourse.  Absent a class action, Class

9  members would continue to incur harm without remedy, while Dell would continue to reap the

10  benefits of its misconduct.

11      49.     The consideration of common questions of fact and law will conserve

12  judicial resources and promote a fair and consistent resolution of these claims.

13

### CLAIMS FOR RELIEF

14

### FIRST CLAIM FOR RELIEF
### Violation of the California Consumer Legal Remedies Act,
15  ### Civ. Code Section 1750, et seq. (the "CLRA")
### (On Behalf of Consumers Only)
16

17      50.     Plaintiffs incorporate by reference the allegations contained in the

18  preceding paragraphs of this Complaint.

19      51.     Defendant Dell is a "person" as defined by Civil Code section 1761(c).

20      52.     Plaintiffs and many Class members are "consumers" within the meaning of

21  Civil Code section 1761(d).

22      53.     The Affected Computers are "goods" within the meaning of Civil Code

23  Section 1761(a).

24      54.     Dell violated the CLRA by uniformly affirmatively misrepresenting to

25  Plaintiffs and Class members that the Affected Computers were free from defects and of

26  merchantable quality and workmanship.  Specifically, Dell's uniform misrepresentation of these

27  material facts violated (a) § 1770(a)(5)'s proscription against representing that goods have uses or

28  characteristics they do not actually have; (b) § 1770(a)(7)'s proscription against representing that

1   goods are of a particular standard or quality when they are of another; and (c) § 1770(a)(9)'s

2   proscription against advertising goods with the intent not to sell them as advertised.

3         55.    Dell also violated the CLRA's proscription against concealment of the

4   characteristics, use, benefit, or quality of goods by actively concealing in all of its broadly

5   disseminated warranties, marketing and advertising the material fact that the Affected Computers

6   are defective and substantially certain to fail prematurely.   Specifically, Dell's active

7   concealment of material facts violated (a) § 1770(a)(5)'s proscription against representing that

8   goods have uses or characteristics they do not actually have; (b) § 1770(a)(7)'s proscription

9   against representing that goods are of a particular standard or quality when they are of another;

10   and (c) § 1770(a)(9)'s proscription against advertising goods with the intent not to sell them as

11   advertised.

12         56.    Dell also violated the CLRA by representing to owners of Affected

13   Computers that the Defects could be remedied by replacement of the motherboard.   Specifically,

14   Dell's representation that a new motherboard would remedy the Defects violated § 1770(a)(15)'s

15   proscription against representing that a part, replacement or repair is needed when it is not.

16   References to motherboard replacements in this paragraph refer to the period of time, presently

17   unknown to Plaintiffs, during which Dell replaced failed motherboards with motherboards

18   sharing the same defective design.

19         57.    Dell also violated the CLRA by including an unconscionable provision in

20   its Terms and Conditions agreement.  Specifically, the arbitration clause contained in the Terms

21   and Conditions agreement violates Section 1770(a)(19)'s proscription against inserting an

22   unconscionable provision in a consumer contract.

23         58.    Dell intended to do the acts that were deceptive and/or fraudulent, namely,

24   to market, advertise and sell the Affected Computers; issue the software patch; and recommend as

25   a remedy for the Defects replacement of failed motherboards with motherboards sharing the same

26   defective design.

27

28

59.    The facts Dell misrepresented and/or concealed are material, in that a reasonable person would have considered them important in deciding whether or not to purchase (or to pay the same price for) the Affected Computers.

60.    Dell's affirmative misrepresentations and concealment of material facts were designed to induce Plaintiff and the members of the Class to purchase the Affected Computers.

61.    Plaintiffs and the Class suffered actual damages as a direct and proximate result of Dell's actions, concealment and/or omissions in violation of the CLRA, as evidenced by their decisions to purchase Affected Computers that were defective. Had they known of the true character and quality of the Affected Computers, Plaintiffs and Class members would not have purchased (or would have paid less for) the Affected Computers.

62.    To this day, Dell continues to violate the CLRA by concealing the defective nature of its notebook computers and continuing to sell replacement parts for the Affected Computers, continuing to service (and profiting unjustly from) the Affected Computers in relation to failures due to the Defects, and by failing or refusing to reveal to Class members that the cause of the problems with the Affected Computers is an inherent defect and not a result of improper use or maintenance.

63.    Plaintiffs, on behalf of themselves and for all similarly situated, demand judgment against Dell under the CLRA for injunctive relief in the form of restitution and/or proportional disgorgement of funds paid to Dell to purchase Affected Computers or repair and/or replace parts of the Affected Computers, an injunction requiring Dell to adequately repair the Defects or replace the Affected Computers free of charge, and an award of attorneys' fees pursuant to Civil Code Section 1780(d). Plaintiffs seek this injunctive relief for Dell's violations of CLRA §§ 1770(a)(5), (7), (9), (14), (15) and (19).

64.    In accordance with Section 1782(a) of the CLRA, Civ. Code § 1782(a), on October 5, 2006, Plaintiffs' counsel, on behalf of Plaintiffs Omstead, Malloy and Smith, served Dell, by certified mail, return receipt requested, with notice of its alleged violations of CLRA §§ 1770(a)(5), (7), (9), (14), (15) and (19) relating to the Inspiron notebook computers owned by

1   Omstead, Malloy and Smith. A true and correct copy of this notice is attached hereto as Exhibit

2   A. If, within 30 days of receipt of the notice letter, Dell fails to provide appropriate relief for its

3   violations of §§ 1770(a)(14) and (15), Plaintiffs will amend this Complaint to seek damages for

4   these violations under § 1780.

5

6   **SECOND CLAIM FOR RELIEF**
    **Violation of California Bus. & Prof. Code Sections 17200 & 17500**
7   **(the "Unfair Business Practices Act")**

8       65.     Plaintiffs incorporate by reference the allegations contained in preceding

9   paragraphs of this Complaint.

10      66.     Business & Professions Code § 17200 prohibits acts of "unfair

11  competition." As used in this section, "unfair competition" encompasses three distinct types of

12  misconduct: (a) "unlawful...business acts or practices;" (b) "unfair or fraudulent business acts or

13  practices;" and (c) "unfair, deceptive or misleading advertising."

14      67.     Dell violated the Unfair Business Practices Act, Business and Professions

15  Code §§ 17200 and 17500, *et seq.*, by engaging in conduct that violated each of the three prongs

16  identified by the statute and outlined in Paragraph 66 above.

17      68.     Dell committed an *unlawful* business act or practice in violation of the

18  Unfair Business Practices Act, Business and Professions code § 17200, *et seq.*, when it *violated*

19  *the CLRA* as alleged in Paragraphs 50-64 above.

20      69.     Dell committed an *unlawful* business act or practice in violation of the

21  Unfair Business Practices Act, Business and Professions code § 17200, *et seq.*, when it violated

22  the common law prohibition against fraudulent concealment/nondisclosure as alleged in

23  Paragraphs 79-91 below.

24      70.     Dell committed *unfair and fraudulent* business acts and practices in

25  violation of the Unfair Business Practices Act, Business and Professions Code §§ 17200 and

26  17500, *et seq.*, when it affirmatively misrepresented the true nature of the Affected Computers,

27  and/or concealed and/or failed to disclose the true defective nature of the Affected Computers in

28

1   its marketing, advertising and other broadly disseminated representations in a manner likely to

2   deceive the public.

3        71.    Dell disseminated *unfair, deceptive, untrue and/or misleading advertising*

4   in violation of the Unfair Business Practices Act, Business & Professions Code §§ 17200 and

5   17500, *et seq.*, when it affirmatively misrepresented the true nature of the Affected Computers,

6   and/or concealed and/or failed to disclose the true defective nature of the Affected Computers in

7   its marketing, advertising and other broadly disseminated representations in a manner likely to

8   deceive the public.

9        72.    Dell's deceptive practices were specifically designed to induce Plaintiffs

10  and members of the Class to purchase Affected Computers.

11       73.    Dell's deceptive practices have deceived and/or are likely to deceive

12  Plaintiffs and members of the consuming public.

13       74.    To this day, Dell continues to violate the Unfair Business Practices Act by

14  continuing to actively conceal the defective nature of the Affected Computers and by representing

15  to Plaintiffs and members of the Class that the problems with the Affected Computers can be

16  corrected through a cleaning process and/or software patch and/or by charging consumers to

17  replace the heatsink/fan, AC adaptor and/or motherboard.

18       75.    Dell also continues to violate the Unfair Business Practices Act by issuing

19  a software patch that purports to prevent overheating without disclosing to consumers that the

20  patch slows down the processing speed of the computer.

21       76.    As a direct and proximate cause of Dell's violation of the Unfair Business

22  Practices Act, Plaintiffs and the Class have suffered harm in that they own Affected Computers

23  that have prematurely failed, will prematurely fail, or are substantially certain to prematurely fail

24  and have required or will require Plaintiffs and the Class to incur costs to repair and replace the

25  defective components or defective Affected Computers as a whole.

26       77.    As a direct and proximate result of Dell's violation of the Business and

27  Professions Code § 17200, *et seq.*, Dell has been unjustly enriched and should be required to

28

1  make restitution to Plaintiffs and the Class or disgorge its ill-gotten profits pursuant to Sections

2  17203 of the Business & Professions Code.

3           78.    Plaintiffs, on behalf of themselves and for all others similarly situated,

4  demand judgment against Dell for injunctive relief in the form of restitution, and/or disgorgement

5  of funds paid to Dell to purchase the Affected Computers or to repair and replace defective

6  components, or injunctive relief in the form of repairing and replacing defective components on

7  Plaintiffs' and Class members' Affected Computers, as well as attorneys' fees, costs and interest.

8

9                        **THIRD CLAIM FOR RELIEF**
                     **Fraudulent Concealment/Nondisclosure**

10          79.    Plaintiffs incorporate by reference the allegations contained in the

11  preceding paragraphs of this Complaint.

12          80.    Dell knew that the Affected Computers are defective in that they are

13  substantially certain to fail well in advance of their anticipated useful life.

14          81.    Dell fraudulently concealed from and/or intentionally failed to disclose to

15  Plaintiffs, the Class, and all others in the chain of distribution (e.g., concealments and omissions

16  in Dell's communications with wholesalers, retailers, and others in the chain of distribution that

17  were ultimately passed on to Plaintiffs and the Class) the true nature of the Affected Computers.

18          82.    Dell was and is under a duty to Plaintiffs and the Class to disclose these

19  facts because:

20          (a)    Dell is in a superior position to know the facts about the hidden

21  Defects in the Affected Computers and that the Defects were latent;

22          (b)    Dell made partial disclosures about the quality of the Affected

23  Computers while not revealing their true defective nature; and

24          (c)    Dell fraudulently and actively concealed the defective nature of the

25  Affected Computers from Plaintiffs and the Class.

26          83.    The facts concealed and/or not disclosed by Dell to Plaintiffs and the Class

27  are material facts in that a reasonable person would have considered them important in deciding

28  whether or not to purchase (or to pay the same price for) a computer.

84. Dell intentionally concealed and/or failed to disclose the problems with the Affected Computers for the purpose of inducing Plaintiffs and the Class to act thereon.

85. Plaintiffs and the Class justifiably acted or relied upon to their detriment the concealed and/or non-disclosed facts as evidenced by their purchase of the Affected Computers and/or replacement parts for the Affected Computers.

86. Had Plaintiffs and the Class known of the Defects they would not have purchased (or would have paid less for) their Affected Computers.

87. As a direct and proximate cause of Dell's misconduct, Plaintiffs and Class members have suffered actual damages in that they bought and own Affected Computers that contain inherent Defects and that have prematurely failed or are substantially certain to prematurely fail, and will be required to incur costs to repair and/or replace the defective components or the computers as a whole.

88. Dell's conduct has been and is wanton and/or reckless and/or shows a reckless indifference to the interests of others.

89. Dell has acted with "malice" as that term is defined in Civ. Code § 3294(c)(1) by engaging in conduct that was and is intended by Dell to cause injury to the Plaintiffs and the Class.

90. Dell has committed "fraud" as that term is defined in Civ. Code § 3294(c)(3) through its concealment of material facts known to Dell with the intent to cause injury to the Plaintiffs and the Class.

91. Plaintiffs, on behalf of themselves and all others similarly situated, demand judgment against Dell for actual and punitive damages in accordance with Civ. Code § 3294(a) for themselves and each member of the Class, plus attorneys' fees for the establishment of a common fund, interest, and costs.

### FOURTH CLAIM FOR RELIEF
#### Breach of Song-Beverly Consumer Warranty Act
#### (On Behalf of California Consumers Only)

92. Plaintiffs incorporate the above allegations by reference as if set forth herein at length.

93.     Each of the Affected Computers is a "consumer good" within the meaning of Civil Code Section 1791(a).

94.     Plaintiffs purchased their Dell Inspiron portable notebook computers in California.

95.     Dell's express warranty and implied warranty of merchantability arose out of and/or were related to the sales of the Affected Computers.

96.     As set forth more fully above, Dell has failed to comply with its obligations under its express warranty and under its implied warranty of merchantability.

97.     Plaintiffs and those Class members who purchased their notebook computers in California have suffered and will continue to suffer damages as a result of Dell's failure to comply with its warranty obligations.  Accordingly, Plaintiffs demand judgment on behalf of themselves and those consumer Class members who purchased their computers in California pursuant to Civil Code Sections 1791.1(d) and 1794, including attorneys' fees, costs and interest pursuant to Section 1794(d).

98.     Dell's breaches of warranty, as set forth above, were willful.  Accordingly, Plaintiffs demand judgment on behalf of themselves and those consumer Class members who purchased their computers in California in the form of civil penalties in an amount not to exceed two times the amount of actual damages.

### FIFTH CLAIM FOR RELIEF
### Breach of Express Warranty

99.     Plaintiffs incorporate the above allegations by reference as if set forth herein at length.

100.    Under the terms of the Dell Limited Warranty, each Affected Computer came with an express warranty that provides:

> This limited warranty covers defects in materials and workmanship in your — our end-user customer's — Dell-branded hardware products, including Dell-branded peripheral products.

1    101.    Dell breached its express warranties as set forth above, by supplying the

2    Affected Computers to its customers in a condition such that the computers were and are

3    defective.

4    102.    The Affected Computers are not free from defects in material and

5    workmanship under normal use during the warranty period.

6    103.    The Affected Computers are substantially certain to fail well before the end

7    of their warranted lifetime.

8    104.    Dell has received timely notice of the breach of warranty alleged herein

9    pursuant to Comm. Code § 2607(3)(A).  Plaintiffs, by and through Class Counsel, provided Dell

10   with notice of the Defects inherent in the Affected Computers on July 21, 2005.

11   105.    Additionally, Dell has been put on notice by the Class as a whole by reason

12   of the many warranty claims and complaints made by Class members and by virtue of this

13   Complaint, which brings suit on behalf of all Class members.

14   106.    Dell has failed to provide to Plaintiffs and Class members, as a warranty

15   replacement, Inspiron notebook computers that conform to the qualities and characteristics that

16   Dell expressly warranted.

17   107.    The Affected Computers contain common hidden Defects that were already

18   present at the time of purchase, which could not be discovered by Plaintiffs and members of the

19   Class.

20   108.    Had Plaintiffs and the Class known that the Affected Computers failed to

21   conform to the characteristics and qualities that Dell expressly warranted, they would not have

22   purchased the Affected Computers or would have paid less.

23   109.    As a direct and proximate result of Dell's breach of express warranty,

24   Plaintiffs and the Class have sustained damages in an amount to be determined according to proof

25   at trial.

26   110.    Plaintiffs, on behalf of themselves and all Class members, demand

27   judgment in the form of injunctive relief in the form of repairing or replacing the Affected

28

1    Computers and/or damages in an amount to be proven at trial, plus attorneys' fees, costs and

2    interest pursuant to California Commercial Code Sections 2714 and 2715.

3

4                              **SIXTH CLAIM FOR RELIEF**
                                    **Unjust Enrichment**

5              111.    Plaintiffs incorporate by reference the allegations contained in preceding

6    paragraphs of this Complaint.

7              112.    By its wrongful acts and omissions described herein, including selling the

8    Affected Computers and selling replacement motherboards sharing the same defective design as

9    those that failed and/or power supply system parts (batteries, AC adaptors, etc.) and/or

10   heatsinks/fans, Dell was unjustly enriched at the expense of Plaintiff and the Class.

11             113.    It would be inequitable for Dell to retain the profits, benefits, and other

12   compensation obtained by it from its wrongful conduct in manufacturing, marketing and selling

13   Affected Computers, both as original equipment and as replacement parts.

14             114.    Plaintiffs on behalf of themselves and all others similarly situated, demand

15   restitution from Dell, and an order of this Court disgorging all profits, benefits, and other

16   compensation obtained by Dell from its wrongful conduct and awarding attorneys' fees, costs and

17   interests.

18                                **PRAYER FOR RELIEF**

19             WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly

20   situated, pray for judgment against Dell as follows:

21             1.     An order certifying the proposed Class and any appropriate subclasses and

22   designating Plaintiffs as Class Representatives and their counsel as Class Counsel;

23             2.     Monetary damages, including but not limited to any compensatory,

24   incidental or consequential damages commensurate with proof at trial for the acts complained of

25   herein;

26             3.     Punitive damages and civil penalties in accordance with proof and in an

27   amount consistent with applicable precedent;

28

4.      A declaration that Dell is financially responsible for notifying all Class members of the Defects;

5.      An order requiring Dell to immediately cease its wrongful conduct as set forth above;

6.      A permanent injunction mandating that Dell repair and/or replace the defective Affected Computers;

7.      A declaration that Dell must disgorge, for the benefit of the Class, all or part of its ill-gotten profits received from the sale of the defective Affected Computers, both the original hardware and replacement parts, and/or to make restitution to Plaintiffs and the members of the Class;

8.      Attorneys' fees and costs;

9.      Statutory pre-judgment interest; and

10.     All other relief the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs and the Class demand a jury trial in this action for all the claims so triable.

Dated: October 5, 2006

Respectfully submitted,

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

By: _Jonatha D. Selbin by hjg_
    Jonathan D. Selbin

Jonathan D. Selbin (SBN 170222)
H. John Gutierrez (SBN 235406)
LIEFF, CABRASER, HEIMANN &
BERNSTEIN LLP
275 Battery Street, 30th Floor
San Francisco, California 94111-3336
Telephone:  (415) 956-1000
Facsimile:   (415) 956-1008

Paul R. Kiesel (SBN 119854)
Patrick DeBlase (SBN 167138)
KIESEL, BOUCHER, & LARSON LLP
8648 Wilshire Boulevard
Beverly Hills, California 90211-2910
Telephone:  (310) 854-4444
Facsimile:   (310) 854-0812

John L. Malesovas
MALESOVAS & MARTIN, LLP
425 Austin Ave., 10th Floor
Waco, TX 76701
Telephone:  (254) 753-1777
Facsimile:   (254) 755-6400

Anthony L. Vitullo
FEE, SMITH, SHARP & VITULLO, L.L.P.
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, TX  75240-6602
Telephone:  (972) 934-9100
Facsimile:   (972) 934-9200

Cynthia B. Chapman (SBN 164471)
Cory S. Fein
CADDELL AND CHAPMAN
1331 Lamar, Suite 1070
Houston, TX  77010
Telephone:  (713) 751-0400
Facsimile:  (713) 751-0906

Attorneys for Plaintiffs and the proposed Class

# Exhibit A

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

ATTORNEYS AT LAW

EMBARCADERO CENTER WEST
275 BATTERY STREET, 30TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3339
TELEPHONE: (415) 956-1000
FACSIMILE: (415) 956-1008
mail@lchb.com
www.lchb.com

NEW YORK
BEVERLY HILLS
NASHVILLE

October 5, 2006

## VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED

Kevin B. Rollins, President and CEO
Judy Fisher, Legal Dept.
Dell Computer Corporation
1 Dell Way
Round Rock, Texas 78682-0001

Dell, Inc.
CSC, Registered Agent
2711 Centerville Rd., #400
Wilmington DE 19808

Re:   NOTICE & DEMAND LETTER RE: DEFECTIVE DELL INSPIRON
1100, 1150, 5100 and 5160 NOTEBOOK COMPUTERS

Dear Dell:

PLEASE TAKE NOTICE that this letter constitutes legal notice under the California Consumers Legal Remedies Act, ("CLRA"), California Civil Code §1750, et seq., (the "Act"), pursuant to Civil Code §1782, notifying Dell, Inc. ("Dell") of violations of the Act and of our demand that Dell correct, repair, replace, or otherwise rectify the goods or services within 30 days from your receipt of this letter.

The undersigned counsel represent Melissa Malloy who owns a defective Dell Inspiron 5160 notebook computer. Ms. Malloy purchased her Dell Inspiron 5160 in or around January 2005 from Dell's website. In January 2006, shortly before the expiration of the one-year warranty, she experienced her first problem with her Inspiron, when it stopped recognizing the power supply. When Ms. Malloy complained to Dell, rather than explaining to Ms. Malloy that the defect was caused by the defective design of the Inspiron's power connection, Dell offered to repair the Inspiron. Dell's "repair" consisted of sending Ms. Malloy a new power supply. This "repair" was inadequate in that it did not repair the real problem with Ms. Malloy's Inspiron, which, upon information and belief, was its defective design, including but not limited to the defective design of the connection that transfers power from the power cord to the Inspiron's power receptacle, then to the computer's motherboard (the "System Defect"). Because the true defect in Ms. Malloy's Inspiron was never repaired or addressed, approximately two months later, in March 2006, the computer malfunctioned again in the same way as it had malfunctioned before. Dell's response was to offer to repair the motherboard for $438.

Kevin B. Rollins, President and CEO / Judy Fisher, Legal Dept.
Dell, Inc. / CSC, Registered Agent
October 5, 2006
Page 2

The undersigned counsel also represent Lisa Smith, who owns a defective Dell Inspiron 1150 notebook computer, and Michael Omstead, who owns a defective Dell Inspiron 5160. Ms. Smith purchased her Dell Inspiron 1150 in or around July 2004. Ms. Smith has experienced power failures of her Inspiron 1150 computer due to the System Defect. Specifically, her computer battery will not charge and the computer often will not recognize the AC adaptor or battery. Ms. Smith paid out of pocket for a new AC adaptor in an effort to resolve her power-related problems. Mr. Omstead purchased his Dell Inspiron 5600 computer in or around July 2004. Mr. Omstead also has experienced total power failure due to the System Defect.

As a result of the System Defect, after normal use of the Inspiron for a certain length of time, these laptop models cease to function, either due to the System Defect described above, or due to related defects that cause other computer failures, including power failures and failures of the motherboard. As a result of Dell's failure to address and remedy the System Defect, Ms. Malloy's and Mr. Omstead's Inspiron computers completely ceased to function. Ms. Smith's Inspiron computer frequently shuts down and will not operate by battery for longer than 10 minutes.

Dell has knowledge of the System Defect through hundreds of complaints it has received and continues to receive regarding the Inspiron 5160, the Inspiron 1150 and other similarly-designed computers including, but not limited to, the Dell Inspiron 1100 and 5100. (The Inspiron 1100, 1150, 5100 and 5160 are referred to herein as the "Affected Computers.") Dell must know that these failures are not a coincidence, but are caused by the System Defects.

Dell's concealment of the System Defect continues to mislead and/or deceive consumers. The problems with, and associated costs of, the System Defect are material facts. If made aware of these material facts, Ms. Malloy, Mr. Omstead and Ms. Smith, and all other similarly situated consumers would not have purchased and/or leased the Affected Computers.

Owners of the Affected Computers have incurred costs associated with the System Defect. Many Inspiron owners, like our clients, have had no choice but to expend time and money in repairing and/or replacing the defective Inspirons as a result of Dell's deceptive and wrongful conduct in designing, manufacturing, distributing, marketing, selling and/or leasing the Affected Computers with an inherent defect. Furthermore, Dell's consumers incurred other financial burdens including, but not limited to, damages associated with loss of use, reduction in value of the Inspiron notebook, and loss of data.

Upon information and belief, Dell suggested that owners of the Affected Computers replace motherboards in order to correct the System Defects. However, our clients understand that for some period of time currently unknown to them, Dell replaced motherboards with motherboards sharing the same defective design. Such replacements thus did not correct the System Defect.

Kevin B. Rollins, President and CEO / Judy Fisher, Legal Dept.
Dell, Inc. / CSC, Registered Agent
October 5, 2006
Page 3

Please be advised that the alleged unfair methods of competition or unfair or deceptive acts or practices in violation of the CLRA include, without limitation:

1. Representing that goods or services have approval, characteristics, uses, and benefits which they do not have (§1770(a)(5));

2. Representing that goods or services are of a particular standard, quality, or grade, when they are of another (§1770(a)(7));

3. Advertising goods or services with the intent not to sell them as advertised (§1770(a)(9));

4. Actively concealing the fact that replacement motherboards sharing the same defective design in fact failed to address the System Defect (§1770(a)(14));

4. Representing that a part, replacement, or repair service is needed when it is not (§1770(a)(15));

5. Inserting an unconscionable arbitration provision in the Terms and Conditions agreements it purported to apply to consumer sales of its goods (§1770(a)(19)).

Dell has failed to resolve this matter with Ms. Malloy, Mr. Omstead, Ms. Smith, and all other similarly situated consumers. Dell has not honored its obligations to its consumers and has failed to fully compensate consumers for the damages they have sustained.

On behalf of our clients and all other similarly situated consumers (collectively the "Class"), we demand that Dell, within 30 days of receiving this letter, correct, repair, replace, or otherwise rectify these Affected Computers. We demand that Dell (1) agree to pay the Class for all damages it has incurred regarding the Dell Affected Computers, including costs associated with replacing the Inspirons, or repairing, or attempting to repair, the System Defect, including shipping expenses; (2) agree to repair or replace the Affected Computers at no cost to the Inspirons' owners; and (3) agree to extend the warranty on the Affected Computers. We further demand that if Dell is unable to provide the Class with a permanent solution to the System Defect, Dell refund the purchase price of the Affected Computers to each Class member. Had Dell made our clients and the Class aware of these circumstances, these consumers never would have purchased and/or leased a Dell Inspiron.

Please be advised that Dell's failure to comply with this request within thirty (30) days may subject it to the following remedies, which are available for violation of the Consumers Legal Remedies Act:

(1) Actual damages suffered;

(2) An order enjoining you for such methods, act or practices;

Kevin B. Rollins, President and CEO / Judy Fisher, Legal Dept.
Dell, Inc. / CSC, Registered Agent
October 5, 2006
Page 4

(3)     Restitution and/or disgorgement;

(4)     Punitive damages;

(5)     Any other relief which the court deems proper;

(6)     Court costs and attorneys' fees, including expert fees; and

(7)     Penalty up to $5,000.00 upon a finding that a senior citizen or disabled person has suffered substantial physical, emotional or economic damage resulting from your conduct.

This letter will constitute FURTHER NOTICE that the actions as set forth above also constitute a breach of express warranty and violations of California's Business and Professions Code Sections 17200 and 17500 (Unfair Business Practices and False Advertising) as unfair business acts and practices. Despite attempts at repair, the Inspirons remain defective, and Dell has failed and refused to conform the products to their express warranties under the law.

If Dell fails to provide all the relief requested as set forth in this letter, after having been provided notice of such violations and a request to remedy the situation, we will be forced to seek all legal remedies available under the law on behalf of our clients and the Class. We will consider Dell's failure to act within thirty (30) days from its receipt of this letter a denial of this claim.

Please advise us immediately if you dispute the effectiveness of this notice under section 1782(a)(2) of the CLRA. If you have any questions regarding this notice and demand, fee free to contact me at (212) 355-9500

Very truly yours,

H. John Gutierrez

HJG:jb
cc:    Ms. Melissa Malloy
       Ms. Lisa Smith
       Mr. Michael Omstead
       Mr. Cynthia Chapman
       Mr. Cory S. Fein, Esq.
       Mr. Paul Kiesel
       Mr. Jonathan Selbin
       Mr. Anthony Vitullo
       Mr. John Malesovas

567199.1